J-S46002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KAYLA CARNES, | |
| Appellant | No. 2546 EDA 2015 |

Appeal from the Judgment of Sentence Entered July 8, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003898-2014

BEFORE:  BENDER, P.J.E., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 02, 2016**

Appellant, Kayla Carnes, appeals from the judgment of sentence of 1 to 3 years' incarceration, imposed after she pled guilty to criminal conspiracy to commit robbery, 18 Pa.C.S. § 3701(a)(1)(v) and 18 Pa.C.S. § 903. Appellant solely challenges the discretionary aspects of her sentence.  We affirm.

At Appellant's plea proceeding, the Commonwealth stated the facts of her case, as follows:

> [The Commonwealth]: This incident occurred on May 25, 2014[,] at approximately 5:00 a.m.
>
> Earlier in the night[,] Emit Ordonez and his friend Daniel Franco were out at the Fusion Nightclub.

---

[*] Retired Senior Judge assigned to the Superior Court.

Mr. Ordonez had with him quite a bit of cash that evening. As he left the [c]lub and went to his cousin's house at 9th and Walnut[,] [Appellant] was driving a white Ford Expedition.

Inside of it [were] two … gentlemen, Frenny [*sic*] Pena and Joshua Rivera. Mr. Pena … saw Mr. Ordonez, recognized him from the [c]lub, [and] asked that the vehicle be stopped. [Appellant] stopped the vehicle. Mr. Pena got out. The other two defendants got out. Mr. Pena approached Mr. Ordonez and demanded his money.

Mr. Ordonez said, "No." Mr. Pena removed his belt and in a whip[-]like fashion struck Mr. [Ordonez] in the face. He chipped one of [Mr. Ordonez's] teeth and made a cut on [Mr. Ordonez's] face requiring stitches. Then they became involved in a melee, the two of them. When that was going on, … [Appellant] removed Mr. Ordonez'[s] wallet from his back pocket.

[Appellant] then went, retrieved her vehicle, and drove the three of them from the scene.

N.T. Plea Hearing, 5/11/15, at 5-6.[1]

The court accepted Appellant's guilty plea to conspiracy to commit robbery, and it deferred her sentencing for the preparation of a pre-sentence investigation report (PSI). On July 8, 2015, the court conducted a sentencing hearing, at the conclusion of which it imposed a term of 1 to 3 years' incarceration. Appellant filed a timely post-sentence motion to modify her sentence, which the court denied. Appellant then filed a timely notice of appeal, and also timely complied with the court's order to file a Pa.R.A.P.

---

[1] We note that at the close of the Commonwealth's factual recitation, Appellant stated to the court that she was "not the driver[,]" and the Commonwealth corrected the facts by stating, "I believe Mr. Rivera was the driver of the vehicle. Other than that, I believe the facts were accurate." *Id.* at 6.

1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents one issue for our review:

> Whether the lower court abused its[] discretion by imposing a sentence which was manifestly unreasonable as the court failed to set forth acceptable reasons supported by the record for departing from the standard guideline range and imposed a sentence that is at the top of the aggravated range of the sentencing guidelines as applied to [Appellant]?

Appellant's Brief at 4.

Appellant's issue implicates the discretionary aspects of her sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912–13.

**Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010)).

In the present case, Appellant has set forth a Rule 2119(f) statement, in which she contends that the court abused its discretion by imposing a sentence "at the top of the aggravated … range of the Sentencing Guidelines" without "set[ting] forth acceptable reasons supported by the record for departing from the standard guideline range…." Appellant's Brief at 10. Appellant contends that "[t]he reasons stated by the [c]ourt are unsupported by the evidence presented at the guilty plea hearing and sentencing." **Id.** Essentially, Appellant argues that the sentencing court relied on impermissible factors in imposing her aggravated range sentence. Such a claim constitutes a substantial question for our review. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa. Super. 2006) (citations omitted).

However, our examination of Appellant's post-sentence motion reveals that she did not raise this claim therein. Instead, Appellant stressed several mitigating factors in her case, and then averred that her "aggravated sentence is manifestly unreasonable and unwarranted under the facts of the case and [her] own personal circumstances." Post-Sentence Motion, 7/20/15, at 2 (unnumbered). Appellant also requested a lesser term of incarceration, explaining why a more lenient sentence was "appropriate in

light of the aforementioned factors and circumstances[,]" and why a lesser sentence was "consistent with the gravity of the offenses, adequately provide[s] for the protection of the public, and addresses [Appellant's] rehabilitative needs." *Id.* at 2 (unnumbered). In sum, at no point did Appellant mention any challenge to the reasons stated by the court for imposing an aggravated range sentence. She also did not raise such a claim at the sentencing hearing. Consequently, we conclude that Appellant has waived the specific, discretionary-aspects-of-sentencing issue she presents herein. *See Griffin*, 65 A.3d at 935 (citing Pa.R.Crim.P. 720); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

In any event, even if preserved, we would conclude that Appellant's challenge to the discretionary aspects of her sentence is meritless.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted).
>
> "When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant...." *Id.* Furthermore, "[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and

> for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." ***Commonwealth v. Stewart***, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). The sentencing court, however, must also consider the sentencing guidelines. ***See Fullin***, 892 A.2d at 847.

***Shugars***, 895 A.2d at 1275. Additionally, this Court "shall vacate the sentence and remand the case to the sentencing court with instructions if it finds … []the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable…." 42 Pa.C.S. § 9781(c)(2).

Appellant complains that the court imposed an aggravated range sentence for reasons that were improper and/or not supported by the record. At the sentencing proceeding, the court first stated that it was imposing an aggravated range sentence "as a result of the [plea] negotiations reducing [Appellant's crime] down to a less serious crime than it actually is." N.T. Sentencing, 7/8/15, at 13. Appellant argues, without citation to any authority, that the court's "consideration of [the] plea negotiation does not fall within the purview of the legitimate sentencing factors." Appellant then incorrectly suggests that the court may *only* consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." Appellant's Brief at 12, 15; ***see also*** 42 Pa.C.S. § 9721(b) ("In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of

the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

We reiterate that while the court *must* consider the 9721(b) factors, it also has "wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider *any legal factor* in imposing a sentence in the aggravated range." **Shugars**, 895 A.2d at 1275 (citation omitted; emphasis added). In any event, the court's comment, quoted *supra*, reflects consideration of a factor set forth in section 9721(b), *i.e.*, the gravity of Appellant's offense. The court essentially stressed that the reduction of Appellant's charge did not eviscerate the seriousness of the underlying offense. Our interpretation of the court's comment in this manner is supported by other statements the court made during the sentencing proceeding. For instance, at one point the court stated:

> THE COURT: This -- quite frankly, I was shocked at the recommendation in the PSI. Four months is not even close to what is deserving in this case.
>
> A belt was used on one of the victims. They had -- two of them had injuries including broken teeth, cuts on their mouth[s], cuts on their head, bruising on their head, 15 stitches.[2]

---

[2] The Commonwealth explained at the sentencing hearing, without any objection from the defense, that the victims, "[t]wo … young men[,] were hurt rather badly requiring 15 stitches, [and suffering] two broken teeth." N.T. Sentencing at 10. Appellant also did not object to the court's above-stated reference to the victims' injuries.

…

And you [Appellant] were in it up to your eyeballs. You weren't drunk, or you were, but whatever the case is you're lying.[3] One of those -- they can't both be true.

And I love when people come in here and they speak in these very soft and subdued voices and yet, out on the street, this is animal behavior.

You target someone because you see them with money and you take it. And not only do you take it, you beat them when you take it.

N.T. Sentencing at 12-13. In light of these statements by the court, and the record as a whole, we would ascertain no abuse of discretion in the court's

---

[3] This passage refers to an earlier exchange between the court and Appellant:

THE COURT: So from midnight to []5 a.m.[] you had nothing to drink.

[Appellant]: Correct.

THE COURT: Yet in your version of events you said, "I don't know. I didn't have any intentions with it. It was on the ground. I was drunk." So you weren't drunk.

[Appellant]: I had a lot to drink before that.

THE COURT: Well, that's not what you said. You said you had a couple beers and a drink at 11:00 p.m. This is six hours later. What's the lie?

[Appellant]: I don't know.

THE COURT: You don't know?

[Appellant]: (No response.)

N.T. Sentencing Hearing at 12.

considering the seriousness of Appellant's actual conduct, despite that she ultimately pled guilty to a reduced charge.

Appellant also challenges the two other reasons stated by the court for imposing an aggravated range sentence: that "there were multiple victims and significant injuries[,]" and that Appellant "is a danger to the community." *Id.* at 13-14. Appellant avers that the crime to which she pled guilty pertained to only one victim, Mr. Ordonez, who suffered two broken teeth and needed 15 stitches. According to Appellant, these facts do "not amount to multiple victims or serious injuries." Appellant's Brief at 16. Appellant also contends that "the record does not support the [c]ourt's finding that [she] is a danger to the community." *Id.* Appellant stresses that she did not have an extensive criminal record, she "did not harm or attempt to harm anyone" in the present case, and she "was gainfully employed and compliant with her [Accelerated Rehabilitative Disposition] supervision at the time of sentencing." *Id.*

Even if Appellant had preserved her arguments in this regard, we would deem them meritless. First, it is undisputed that there were two victims in this case; the fact that Appellant's plea deal only involved a conviction relating to one of those victims does not render it an abuse of discretion for the court to consider that Appellant's conduct also impacted another man who was robbed and injured during the incident. Moreover, Appellant cites no legal authority to support her bald assertion that the victims' injuries were not 'serious.' In any event, the court did not even

characterize the victims' injuries as 'serious' - it stated that their injuries were 'significant.' N.T. Sentencing at 14. Appellant offers no developed argument, nor any supporting legal authority, to demonstrate that the court abused its discretion in characterizing 15 stitches and two broken teeth as 'significant' injuries.

Finally, even if preserved, Appellant is incorrect in arguing that the record does not support the court's determination that she poses a risk to the community. According to the facts stated at the plea proceeding, Appellant was not only present, but also actively participated in the robbery of two victims. Notably, as her male cohorts were beating the victims, Appellant did not try to intervene, get help, or even drive away. Instead, she used that opportunity to steal Mr. Ordonez's wallet from his pocket, and then fled from the scene with her male companions. These facts support the court's conclusion that Appellant poses a risk to the community.

In sum, Appellant has waived the assertions she raises herein by not presenting them in her post-sentence motion. Nevertheless, even if Appellant had preserved her claims, we would conclude that they are meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/2/2016